IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LA PONDA L. THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-1003-A |
| | § | |
| SCOTT DAVIDSON REALTORS, ET AL., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Came on to be considered the above-captioned action wherein La Ponda L. Thomas is plaintiff and defendants are Scott Davidson Realtors, S.R. Davidson Family, LP, Jerry Smith (collectively, the "Realtor Defendants"), St. Clair Newbern III, PC, St. Clair Newbern III, and Clayton L. Everett (collectively "Newbern Defendants"). Plaintiff initiated this action by filing her original complaint on December 15, 2014. Concurrently with her complaint plaintiff also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which the court granted on December 30, 2014, after plaintiff cured certain deficiencies in the initial application. Having now considered the complaint and applicable legal authorities, the court concludes that the complaint should be dismissed.[1]

---

[1] Given the court's dismissal of this action in its entirety, plaintiff's motion to allow summons, filed January 21, 2015, is denied as moot.

Because plaintiff is proceeding <u>in forma pauperis</u>, her complaint is subject to <u>sua sponte</u> dismissal under 28 U.S.C. § 1915(e)(2)(B). <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986). Section 1915(e)(2)(B) provides for <u>sua sponte</u> dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.

A claim is frivolous if it "lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (quotation and citation omitted). The court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>Tuchman v. DSC Commc'ns Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994).

In the complaint plaintiff alleged that the Realtor Defendants[2] engaged in abusive, deceptive, and unfair debt collection practices by serving her with a "notice to vacate for non-payment of rent" for the property she was renting at 304 Roberts Circle in Arlington, Texas.  Compl. at 4, ¶ 16.  The Realtor Defendants "continued to harass" plaintiff by initiating an action against her in the Justice of the Peace court of Tarrant County within thirty days of serving the notice to vacate.  Id. at 5.  On November 3, 2014, Realtor Defendants were awarded an "eviction judgment" against plaintiff.  Id.  To avoid eviction, plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Texas in Case No. 14-44564-DML-13.[3]  Realtor Defendants hired Newbern Defendants to collect on the debt.  Plaintiff asserted claims against all defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Texas Debt Collection Practices Act ("TDPA"), Tex. Fin. Code § 392.001, et seq.

---

[2] In her factual allegations concerning the Realtor Defendants, plaintiff does not distinguish between the three defendants.

[3] The court takes judicial notice of the entire record of plaintiff's bankruptcy action in Case No. 14-44564-DML-13. Although the complaint alleged that plaintiff was in bankruptcy at the time she filed the complaint, the bankruptcy action was dismissed on January 22, 2015.

3

The basis of the court's jurisdiction as alleged in the complaint is that plaintiff has asserted a claim under a federal statute. The complaint also alleged that the amount in controversy exceeds $100,000; however, there are no allegations concerning the citizenship of any of the parties.[4] Although plaintiff has asserted a question of federal law under the FDCPA, the court finds that she has failed to state a claim upon which relief may be granted under that statute as to any defendants.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This definition, however, specifically excludes "[a]ny officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Id. at (6)(A).

The complaint alleged that plaintiff rented the property at 304 Roberts Circle in Arlington, Texas, from Realtor Defendants, that Realtor Defendants served her with the notice to vacate, and

---

[4] The complaint indicated that plaintiff is a resident of Texas. However, for jurisdictional purposes, the state in which an individual resides is not necessarily the state of his or her citizenship. Further, if, as appears likely, all of the parties are citizens of Texas, complete diversity would be lacking, thus defeating any basis for the court to exercise diversity jurisdiction.

that they instituted legal proceedings to evict her from the premises. These statements demonstrate that the Realtor Defendants through their actions were collecting a debt owed to them, and therefore, they are specifically excluded from the definition of debt collector under the FDCPA.

As to the Newbern Defendants, attorneys may be considered debt collectors under the FDCPA when they regularly engage in consumer debt collection, or when debt collection is the attorney's "principal purpose." Heintz v. Jenkins, 514 U.S. 291, 299 (1995); Garrett v. Derbes, 110 F.3d 317, 318 (5th Cir. 1997). Because no bright-line rule determines when an attorney or law firm meets the statutory definition of "debt collector," the court must consider the question on a case-by-case basis. Hester v. Graham, Bright & Smith, P.C., 289 F. App'x 35, 41 (5th Cir. 2008)[5] (citing Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, 374 F.3d 56, 62 (2d Cir. 2004)).

Here, the court finds very few facts in the complaint pertaining to Newbern Defendants, none of which allege that Newbern Defendants either regularly engage in consumer debt collection, or that debt collection is their principal purpose. Nor does the complaint allege that plaintiff ever informed

---

[5]The court recognizes that unpublished opinions are not binding precedent. Nevertheless, the court finds the analysis in this unpublished opinion useful to the court's resolution of this action.

Newbern Defendants that she disputed the debt, also a requirement to impose liability under the FDCPA. 15 U.S.C. § 1692g(b). The absence of any such facts in the complaint is sufficient to warrant dismissal of the FDCPA claim against Newbern Defendants.

Additionally, the allegations in the complaint, and the papers on file in plaintiff's bankruptcy action, indicate that Realtor Defendants did not engage Newbern Defendants until after the conclusion of the forcible detainer action. It appears that no attorney represented Realtor Defendants in the forcible detainer action, and Newbern Defendants appear to have represented those defendants only in the bankruptcy action. By the time Newbern Defendants appeared in the bankruptcy action, plaintiff had received the judgment of the Justice of the Peace court, finding in favor of Realtor Defendants for the unpaid rent they sought from plaintiff. The judgment is sufficient to validate the debt under the FDCPA, so that there was nothing left to dispute by the time Newbern Defendants became involved in the action. See, e.g., Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999) ("verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed .... [t]here is not concomitant obligation to forward copies of bills or other detailed evidence of the debt"). Hence, plaintiff has

failed to state a claim for relief against Newbern Defendants under the FDCPA.

Having dismissed plaintiff's FDCPA claim against all defendants, and finding nothing in the complaint as would establish the court's diversity jurisdiction, the court is exercising the discretion given to it by 28 U.S.C. § 1367(c)(3) to decline to continue to exercise supplemental jurisdiction over the state law claims plaintiff has asserted over the defendants.

Therefore,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff, La Ponda L. Thomas, against Realtor Defendants and Newbern Defendants be, and are hereby, dismissed, pursuant to the authority of 28 U.S.C. § 1915(e)(2)(B).

SIGNED February 5, 2015.

_____
JOHN McBRYDE
United States District Judge